**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COREY JEROME ELDER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SILVA, et al.,<br><br>　　　　　Defendants. | No. 2:16-CV-1925-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's complaint (Doc. 1). Plaintiff alleges Defendants violated his rights by destroying his portraits/drawings, violated his First Amendment rights by retaliating against him for filing complaints as a result of their destruction, and subsequently violated his rights by searching and seizing his papers.

**I. SCREENING REQUIREMENT AND STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

1

The Federal Rules of Civil Procedure require complaints contain a "…short and plain statement of the claim showing that the pleader is entitled to relief." See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (quoting Fed. R. Civ. P. 8(a)(1)). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and are afforded the benefit of any doubt. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572F.3d at 969.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges he arrived at High Desert State Prison on July 8, 2014, and received his property on July 22, 2014, issued by Defendant Silva. Silva informed Plaintiff that he was not allowed to have his portraits/drawings and that Plaintiff would be given three days to have money deposited in his account to have the portraits/drawings sent home. Plaintiff had the money deposited in his account and informed Defendant Silva. Plaintiff was then informed that his drawings were destroyed. Plaintiff appealed the destruction of his property. On October 6, 2014, Defendant Speers informed Plaintiff that his officer "fucked up." Plaintiff alleges that he explained to Speers that he never signed or agreed to donate or destroy his property. Speers once

2

again stated that his officer "fucked up."

Plaintiff then appealed to the next level. That appeal was allegedly denied by R. St. Andre on November 24, 2014. During this appeal Plaintiff alleges that defendants produced property card containing a forged signature on it that allegedly consented to the destruction of the items. Plaintiff also contends that he was warned that continued complaining would make things "more difficult" for him.

Plaintiff alleges several acts of retaliation related to his complaints. First on September 7, 2014, Plaintiff was not issued his lunch. When Plaintiff inquired about the reason Defendant Joksch stated "I don't give a fuck about your lunch." Plaintiff subsequently filed a staff complaint. The next day, September 8, 2014, Joksch informed Plaintiff he would be moving to another cell. When Plaintiff inquired as to why, he was written up for "willfully delaying a peace officer by refusing assigned housing." Plaintiff alleges he was wrongfully found guilty of this violation by Defendant J. Ramsey who assessed 90 days lost credit, and was denied canteen, appliances, vendor packages, telephone privileges and personal property for 90 days. Petitioner informed Defendant Whitcome of this wrongful act, but Plaintiff alleges Whitcome did nothing in response. Similarly, Plaintiff alleges he informed Defendant D. Clark of the situation but Clark also did nothing. Finally, Plaintiff alleges on February 18, 2015, he was taken out of his cell, placed in the shower, and all his paper work and legal work were taken for a "future search."

### III.  ANALYSIS

**A.     Destruction of Property**

"[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984); see also Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir.1994) ("[N]egligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."). The Ninth Circuit has specifically held that the California Tort Claims Act, Cal. Gov't Code § 810 et seq., provides an

3

adequate postdeprivation remedy for loss of property. See Barnett, 31 F.3d at 816–17.

Therefore, because Plaintiff has an adequate state law tort remedy for the taking of his property, he cannot allege a cognizable due process claim.

### B. Retaliation

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005). Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes, 408 F.3d at 568.

Plaintiff alleges that Defendants retaliated against him for filing complaints and appeals related to the destruction of his personal property. Based on the facts of the complaints this Court finds that Plaintiff demonstrated a sufficiently specific link between the alleged retaliation and his exercise of constitutional rights to proceed. Plaintiff has plead sufficient facts that the prison officials took adverse action against him—denial of lunch, change of cell, written reprimand, punitive action, deprivation of privileges—there are sufficient facts to tie these actions to plaintiff's complaints, there is evidence of chilled speech, and there seems no penological purpose to the actions based on the alleged facts. For that reason, Plaintiff has satisfied the pleading standard for his retaliation claim.

///

**C.     Illegal search and Seizure**

The reasonableness of searches and seizures by prison officials should be analyzed in light of the four factors identified in Turner v. Safley, 482 U.S. 78, 89 (1987), including: (1) the existence of a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it; (2) the existence of alternative means of exercising the right that remain open to prison inmates; (3) the impact that accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally; and (4) the absence of ready alternatives as evidence of the reasonableness of the regulation. See also Thompson v. Souza, 111 F.3d 694, 699 (9th Cir. 1997), "the Supreme Court has held that *Turner* applies whenever 'the needs of prison administration implicate constitutional rights' (citations)"; Walker v. Sumner, 917 F.2d 382, 385 (9th Cir. 1990); Michenfelder v. Sumner, 860 F.2d 328, 331 (9th Cir. 1988).

Searches intended to harass may violate the Eighth Amendment. See Hudson v. Palmer, 468 U.S. 517, 530 (1984). For example, prison officials' knowledge of the risk of psychological trauma from body searches of female inmates by male guards makes such searches a violation of the Eighth Amendment. See Jordan v. Gardner, 986 F.2d 1521, 1526-30 (9th Cir. 1993) (en banc); but see Somers v. Thurman, 109 F.3d 614, 622-24 (9th Cir. 1997) (concluding that allegations that female guards conducted visual searches of a male inmate or saw the male inmate nude are insufficient, by themselves, to state a claim under the Eighth Amendment).

Plaintiff seems to allege a wrongful search and seizure of his papers and legal work. However, it is unclear who engaged in this search and seizure and the circumstances surrounding it. It is also unclear if Plaintiff is asserting that the search was wrongful under the fourth amendment or if it amounted to harassment under the eighth amendment. For that reason, this claim cannot proceed and must be dismissed. Plaintiff will, however, be provided an opportunity to amend his complaint.

**IV. AMENDING THE COMPLAINT**

Because it is possible that some of the deficiencies identified in this order may be

5

cured by amending the complaint, plaintiff is entitled to leave to amend. See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See <u>id.</u>

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state a cognizable claim, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that plaintiff's due process claim arising from destruction of his property be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

## V.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated:  November 15, 2018

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

6