UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY JEROME ELDER,<br><br>Plaintiff,<br><br>v.<br><br>SILVA; SPEERS; D. HOGAN; WHITCOME; JOKSCH; J. RAMSEY; and BRADETT,<br><br>Defendants. | No. 2:16-cv-01925-TLN-DMC |
| COREY JEROME ELDER,<br><br>Plaintiff,<br><br>v.<br><br>SILVA; JOKSCH; and BRADETT,<br><br>Defendants. | No. 2:18-cv-03215-KJM-DMC<br><br>**RELATED CASE ORDER** |

Defendants filed a joint Notice of Related Cases in the above-captioned actions on January 13, 2020. (ECF Nos. 28 and 20, respectively.) Examination of the above-captioned actions reveals that they are related within the meaning of Local Rule 123 (E.D. Cal. 1997). Pursuant to Rule 123 of the Local Rules of the United States District Court for the Eastern District of California, two actions are related when they involve the same parties and are based on

1

a same or similar claim; when they involve the same transaction, property, or event; or when they "involve similar questions of fact and the same question of law and their assignment to the same Judge . . . is likely to effect a substantial savings of judicial effort." L.R. 123(a). Further,

> [i]f the Judge to whom the action with the lower or lowest number has been assigned determines that assignment of the actions to a single Judge is likely to effect a savings of judicial effort or other economies, that Judge is authorized to enter an order reassigning all higher numbered related actions to himself or herself.

L.R. 123(c).

Here, the actions involve the same parties, are based on the same claims arising from the same underlying alleged facts, and involve the same questions of law. Indeed, it appears the entirety of Plaintiff's second-filed action is wholly encompassed by his first. Consequently, assignment to the same judge would "effect a substantial savings of judicial effort." L.R. 123(a), *see also* L.R. 123(c).

Relating the cases under Local Rule 123, however, merely has the result that both actions are assigned to the same judge, it does not consolidate the actions. Under the regular practice of this Court, related cases are generally assigned to the judge and magistrate judge to whom the first filed action was assigned. Should either party wish to consolidate the actions or dismiss the latter as duplicative, the appropriate motion or stipulation must be filed.

IT IS THEREFORE ORDERED that the action denominated 2:18-cv-03215-KJM-DMC is reassigned to District Judge Troy L. Nunley, and the caption shall read 2:18-cv-03215-TLN-DMC. Magistrate Judge Cota remains assigned to both actions. The Motion to Stay filed January 13, 2020, shall remain on calendar and any briefing dates on that motion are unchanged.

IT IS SO ORDERED. Dated: February 3, 2020

Troy L. Nunley
United States District Judge