IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY JEROME ELDER,<br><br>   Plaintiff,<br><br>   v.<br><br>SILVA, et al.,<br><br>   Defendants. | No. 2:16-CV-1925-TLN-DMC-P<br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for appointment of counsel. ECF No. 41. The Court previously addressed Defendants' motion for summary judgment. ECF No. 40. The Court recommended that the District Judge grant the motion in part and deny it in part. Id. at 33.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive, and both

must be viewed together before reaching a decision. See id. In Terrell, the United States Court of Appeals for the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

Plaintiff's motion for counsel is bareboned. ECF No. 41. He does not allege any facts in support of his motion. Id. He does, however, list three bare contentions. Id. Plaintiff avers that he is unable to afford counsel, that the issues involved in his case are complex, and that he has limited knowledge of the law. Id.

The Court, of course, recognizes the difficulties attendant to litigating from prison. Undoubtedly, limitations on prisoners' ability to research and investigate their cases impose challenges not faced by litigants who are not incarcerated. But Plaintiff's broad, standalone allegations do not establish *exceptional* circumstances warranting a request by the Court for assistance of counsel. Plaintiff's inability to investigate his case as easily as he would prefer because he is in prison is a circumstance attendant to his own incarceration and that of numerous other similarly situated prisoners. Plaintiff's submissions also efficiently state his requested relief.

Plaintiff largely alleges fairly straightforward First Amendment retaliation claims and Eighth Amendment claims, none of which are particularly complex. Finally, although this Court's earlier recommendations proposed that Defendants' motion for summary judgment be denied in part, Plaintiff has not established a particular likelihood of success on the merits.

Plaintiff's motion for appointment of counsel (ECF No. 41) is **DENIED**.

IT IS SO ORDERED.

Dated:  April 15, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE