IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY JEROME ELDER, | No. 2:16-CV-1925-TLN-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| JOKSCH, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Plaintiff's renewed motion for counsel. See ECF No. 66. Plaintiff last sought counsel on January 3, 2022. See ECF No. 62. That motion was denied on March 8, 2022. See ECF No. 65.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is

1

dispositive, and both must be viewed together before reaching a decision. See id. In Terrell, the United States Court of Appeals for the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In his current motion, Plaintiff argues that appointment of counsel is warranted because he recently contracted the Coronavirus. Plaintiff states that, as a result, he is suffering from symptoms including headaches, fatigue, and memory loss, all of which Plaintiff asserts make it difficult for him to function and concentrate. The Court finds that this does not establish exceptional circumstances. As Plaintiff acknowledges, this case is currently awaiting trial-setting before the District Judge. There are no pending deadlines. Thus, Plaintiff's symptoms do not result in any circumstance which is exceptional and which cannot, should the Court set a deadline, be accommodated by appropriate requests for extension of time should Plaintiff be unable to meet such deadline in the future due to continuing symptoms. Moreover, the record reflects that Plaintiff has been able to articulate himself on his own, even surviving a motion for summary judgment. Additionally, the issues involved in this case are neither factually nor legally complex. Finally, while Plaintiff has survived summary judgment, indicating genuine issues of material facts for trial, Plaintiff has not established that he is likely to prevail on his claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel, ECF No. 66, is denied.

IT IS SO ORDERED.

Dated: August 16, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE