IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY JEROME ELDER,<br><br>                Plaintiff,<br><br>      v.<br><br>JOKSCH,<br><br>                Defendant. | No.  2:16-CV-1925-DJC-DMC-P<br><br><br><br>ORDER |

       Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's motion, ECF No. 79, for substitution of parties.  Plaintiff's motion for the appointment of counsel, ECF No. 80, will be addressed separately.

       On January 24, 2023, counsel for Defendant Joksch, who is the sole remaining defendant in this action, filed a notice of Defendant's death.  See ECF No. 71.  Plaintiff now seeks leave to substitute "Defendant C. Joksch's estate" for Defendant.  ECF No. 79.  Under Federal Rule of Civil Procedure 25(a)(a), a party moving to substitute "must provide evidence that the party to be substituted is the successor-in-interest or legal representative of the decedent." F.T.C. v. AMG Servs., Inc., 2014 WL 2742872 (D. Nev. 2014).  A "proper party" is the legal representative of the deceased party, such an executor of the decedent's will or administrator of the decedent's estate.  See Mallonee v. Fahey, 200 F.2d 918, 919-20 (9th Cir. 1952).

1  Additionally, a motion under Rule 25(a)(1) must be served on all parties as provided under Rule 5
2  and upon persons not parties in the manner provided in Rule 4 for service of process.  See Barlow
3  v. Ground, 39 F.3d 231, 232-34 (9th Cir. 1994).

4      Here, Plaintiff has not named the proper party, nor has Plaintiff provided proof of
5  service consistent with the requirements of Rule 4.

6      Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for substitution,
7  ECF No. 79, is denied without prejudice.

9  Dated:  June 5, 2023

                            DENNIS M. COTA
                            UNITED STATES MAGISTRATE JUDGE