IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY JEROME ELDER,<br><br>    Plaintiff,<br><br>    v.<br><br>JOKSCH,<br><br>    Defendant. | No. 2:16-CV-1925-DJC-DMC-P<br><br><br><u>ORDER</u> |

        Plaintiff, a prisoner proceeding with limited purpose appointed counsel, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's renewed motion, ECF No. 100, for substitution of parties following the suggestion of death of Defendant Joksch. A hearing was held before the undersigned via Zoom on September 18, 2024. Plaintiff appeared through limited purpose appointed counsel Matthew Norris, Esq. Sarah Brattin, Esq., specially appeared for Defendant Joksch. Following discussions with counsel, the matter was submitted.

        Plaintiff seeks substitution under Federal Rule of Civil Procedure 25 of Ms. Banowetz in place of deceased Defendant Joksch. The parties do not dispute that Ms. Banowetz is Mr. Joksch's sister. She is the only known surviving relative. The parties agree that, under California law, Plaintiff's claim survives Mr. Joksch's death. <u>See</u> Cal. Code Civ. Pro. § 377.20; <u>see also</u> <u>Chaudhry v. City of Los Angeles</u>, 751 F.3d 1096, 1103 (9th Cir. 2014). Ms. Banowetz

1

has been served with the motion pursuant to Federal Rule of Civil Procedure 4.  According to Plaintiff, as his sister Ms. Banowetz is Mr. Joksch's successor-in-interest because Mr. Joksch died intestate and did not leave behind a surviving spouse, children, grandchildren, or parents.  See Cal. Prob. Code § 8461(f).

Under Rule 25, both the notice of suggestion of death and the motion to substitute must be served on non-parties in compliance with Federal Rule of Civil Procedure 4.  See Fed. R. Civ. P. 25(a)(3).  In evaluating a Rule 25 motion to substitute, the Court must consider whether: "(1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party." Maseda v. Saul, No. 1:20-cv-01657-JLT, 2021 WL 2268871, at *1 (E.D. Cal. June 3, 2021).  If the requirements of Rule 25(a)(1) are met, "[t]he substituted party steps into the same position as [the] original party." Id. (quoting Hilao v. Estate of Marcos, 103 F.3d 762, 766 (9th Cir. 1996)). "Rule 25(a) should be applied flexibly and liberally to permit substitution of the party or parties who…would adequately represent [the decedent's] interests." Id. (quoting In re Baycol Prods. Litig., 616 F.3d 778, 789 (8th Cir. 2010)).

California Code of Civil Procedure § 377.32 provides that a person seeking to continue a pending action as a decedent's successor-in-interest must submit a declaration supporting substitution.  See Cal. Code Civ. Pro. § 377.32(a).  Is such a declaration, the purported successor-in-interest must state, among other things: (1) the decedent's name; (2) the date and place of the decedent's death; (3) whether a probate was opened or administered; and (4) whether the declarant is a successor-in-interest under California law.  See id.  Absent such a declaration, A Rule 25 motion to substitute should be denied.  See Ottele v. Martinez, 2023 WL 2268871, at *1 (E.D. Cal. 2021) (denying motion to substitute Ms. Hodges for deceased defendant where the plaintiff's motion was unsupported by sworn evidence establishing the propriety of substituting Ms. Hodges despite the parties' agreement that Ms. Hodges is a proper party).

California Probate Code § 9370 provides that an action against the decedent at the time of death may not be continued against the decedent's personal representative unless: (1) a claim is first filed; and (2) the claim is rejected in whole or in part.  See Cal. Prob. Code § 9370(a).  The Court may not relieve Plaintiff of the obligation to comply with the claims

presentation process. See Grimes v. Chisum, 2017 U.S. Dist. LEXIS 9182, at *6 (N.D. Cal. 2017).

Upon consideration of both the renewed suggestion of death filed on May 6, 2024, as well as the pending renewed motion to substitute, the Court finds both to be procedurally defective. First, the renewed suggestion of death has not been served on Ms. Banowetz pursuant to Rule 4. Second, Plaintiff's renewed motion to substitute is not accompanied by the declaration required under California Code of Civil Procedure § 377.32 or any indication of compliance with the claims presentation process required under California Probate Code § 9370. For these reasons, the renewed suggestion of death will be stricken and Plaintiff's renewed motion to substitute will be denied. The Attorney General's Office will be directed to re-serve a notice of suggestion of death on Ms. Banowetz consistent with the requirements of both Rule 25(a)(3) and Rule 4. Plaintiff will be directed to file a renewed motion for substitution within the 90-day period proscribed by Rule 25(a)(1).

At the September 18, 2024, hearing, there was some dispute as to whether the obligation to comply with California Code of Civil Procedure § 377.32 and California Probate Code § 9370 falls to Plaintiff or counsel for the deceased party, here the Attorney General's Office by special appearance. There was also a dispute as to whether Plaintiff or decedent's counsel should be required to open a probate on Mr. Joksch's behalf in order to resolve the substitution issue. The Court will accept supplemental briefing on these issues and will defer a final ruling on any renewed motion to substitute until such briefing is submitted.

///
///
///
///
///
///
///
///

///

Accordingly, IT IS HEREBY ORDERED as follows:

1. The renewed suggestion of death filed on May 6, 2024, ECF No. 92, is stricken for lack of evidence of service on non-party Ms. Banowetz pursuant to Federal Rule of Civil Procedure 4.

2. Plaintiff's renewed motion to substitute, ECF No. 100, is denied without prejudice.

3. The Attorney General Office is directed to re-serve the notice of suggestion of death on Ms. Banowetz consistent with the requirements of Federal Rule of Civil Procedure 25(a)(3) and Federal Rule of Civil Procedure 4 within 14 days of the date of this order.

4. Plaintiff's supplemental brief is due within 30 days of the date of this order.

5. The Attorney General Office's response is due within 20 days following service of Plaintiff's supplemental brief.

6. The stay of proceedings, other than those outlined above, remains in effect pending further order of the Court.

Dated: September 19, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE