**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COREY JEROME ELDER,<br>Plaintiff,<br>v.<br>JOKSCH,<br>Defendant. | No. 2:16-cv-1925-DJC-ICD-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a California state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court are two matters: Defendant's Request to Seal Documents (ECF No. 111) and Plaintiff's Motion for Substitution of Party (ECF No. 115). For the reasons set forth below, the undersigned recommends that the motion for substitution be denied, the action be dismissed with prejudice, and the request to seal be denied as moot.

**A. Plaintiff's Motion for Substitution of Parties**

Plaintiff commenced this § 1983 action in 2016 against multiple defendants. Following years of litigation, Defendant Joksch is the sole remaining defendant. On January 24, 2023, counsel for Defendant (the Attorney General of California) filed a Suggestion of Death, advising that Defendant Joksch passed away in January 2022.

Plaintiff filed an initial motion for substitution on April 10, 2023. To assist Plaintiff in identifying the proper party for substitution, the Court appointed limited-purpose counsel. Following those extensive supplemental proceedings, the Court is left with the current matters: Defendant's Request to Seal Documents (ECF No. 111) and Plaintiff's operative Motion for Substitution (ECF No. 115), which seeks to substitute Ms. Banowetz—the decedent's sister—in place of Defendant Joksch.

Plaintiff once again moves for substitution of Ms. Banowetz for Mr. Joksch. *See* ECF No.

115. Plaintiff argues that the Defendant's successor is Ms. Banowetz, the Defendant's sister, and that because Plaintiff's claim survived Defendant's death and Ms. Banowetz is Defendant's successor under Rule 25, Ms. Banowetz should be substituted. For the reasons below, the Court disagrees.

Under 42 U.S.C. § 1988(a), the law of the forum state determines whether a section 1983 action survives or is extinguished upon the death of a party. *See Robertson v. Wegmann*, 436 U.S. 584, 592-95 (1978). In California, a cause of action for or against a person is not lost by reason of the person's death but survives, subject to the applicable limitations period. Cal. Code Civ. Proc. § 377.20(a); *see Suarez v. Beard*, 2019 U.S. Dist. LEXIS 161292, 24 (E. D. Cal. 2019). Accordingly, the court may order substitution of a "proper party" to stand in the place of the deceased defendant. Fed. R. Civ. P. 25(a)(1); *see Sinito v. U.S. Dep't of Justice*, 176 F.3d 512, 516, (D.C. Cir. 1999).

This Court finds that in order to properly substitute a party under the relevant Federal and California law, the moving party must comply with the requirements of the California Code of Civil Procedure and the California Probate Code. *See Martinez v. Patton*, 2019 U.S. Dist. LEXIS 143943 at *4-5 (N.D. Cal. Aug. 23, 2019); *see also Hightower v. Birdsong*, 2017 U.S. Dist. LEXIS 141275 at *3 (N.D. Cal. Aug. 17, 2018) ("Plaintiff must comply with the claims presentation requirements of the California Probate Code if he wants to pursue this [§ 1983] action against Defendant's personal representative.").

Furthermore, a plain reading of the applicable law provides that a plaintiff must comply with the claims presentation requirement before the court may substitute the party. *See* Cal. Prob. Code § 9370 ("An action or proceeding pending against the decedent at the time of death may not be continued against the decedent's personal representative" until the claims presentation requirement is satisfied.).

The parties disagree as to whether Section 377.32 of the California Code of Civil Procedure applies to the burden to overcome for substitution. *See* ECF Nos. 112,113. Section 377.32 of the Code of Civil Procedure, subdivision (a), provides that "[t]he person who seeks to commence an action or proceeding or to continue a pending action or proceeding as the

decedent's successor in interest under this article, shall execute and file an affidavit or a declaration under penalty of perjury under the laws of this state," setting information about the decedent including his or her name, the date and place of death, and various items pertaining to proof of the administration of decedent's estate and an affidavit from the successor in interest setting forth the successor's right to proceed in lieu of the decedent. Cal Code Civ. Proc. § 377.32.

The burden remains on the moving party to establish that the person to be substituted is the legally recognized personal representative or successor in interest. Despite ample opportunity and the assistance of limited-purpose counsel, Plaintiff has failed to meet this burden or demonstrate compliance with the California Probate Code. Because Plaintiff has not established that Ms. Banowetz is a proper party under Rule 25, the motion for substitution must be denied.

**B. Dismissal for Lack of a Proper Defendant**

A federal lawsuit cannot be maintained against a deceased individual in their individual capacity. Because Defendant Joksch is deceased and Plaintiff has failed to substitute a proper, legally representative estate or successor, this action can no longer proceed. Accordingly, the action must be dismissed. *See Jacques v. Tillery*, No. 1:20-cv-01447-ADA-HBK, 2023 U.S. Dist. LEXIS 112507, at *6 (E.D. Cal. June 29, 2023); *see also Cavanaugh v. County of San Diego*, No. 3:18-cv-02557-DMS-LL, 2020 U.S. Dist. LEXIS 251951, at *14 (S.D. Cal. Aug. 24, 2020) (holding that a party cannot maintain suit against a dead person or make a dead person a party to a federal lawsuit outside of a properly represented estate or successor).

///

///

///

///

///

///

Based on the foregoing, the undersigned recommends that:

1. Plaintiff's Motion for Substitution, ECF No. 115, be DENIED;
2. This action shall be DISMISSED with prejudice for lack of a defendant;
3. Defendant's request to seal proof of service, ECF No. 111, is DENIED as moot.
4. The appointment of Mr. Norris will be TERMINATED upon the adoption of these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **14 days** after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within **14 days** after service of objections. Failure to file objections within the specified time may waive the right to appeal. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 29, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE